# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

ISAAC H. NIX,

    Plaintiff,

v.

WILBER AND ASSOCIATES, P.C.,

    Defendant.

Case No. 1:20-cv-00444

## COMPLAINT

NOW COMES ISAAC H. NIX, through undersigned counsel, complaining of WILBER AND ASSOCIATES, P.C., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for invasion of privacy and violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. ISAAC H. NIX ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Smithville, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. WILBER AND ASSOICATES, P.C., ("Defendant") is a professional corporation organized and existing under the laws of the state of Illinois.

8. Defendant has its principal place of business at 210 Landmark Drive, Normal, Illinois 61761.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7618.

11. At all times relevant, Plaintiff's number ending in 7618 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13. Two months ago, Defendant started placing phone calls to Plaintiff in connection with an insurance subrogation claim that USAA referred for collection.

14. On multiple occasions, Plaintiff answered.

15. Each time Plaintiff answered, Plaintiff was met by noticeable clear pause prior to being connected to an agent.

16. Plaintiff learned that Defendant sought to collect $3,470.45 as result of an incident that occurred August 22, 2019 in Portland, Oregon.

17. The twist?  On August 22, 2019, Plaintiff was not in Portland, Oregon.

18. Nor was Plaintiff involved in an automobile accident on August 22, 2019.

19. On numerous occasions, Plaintiff informed Defendant of these facts.

20. On numerous occasions, Plaintiff told Defendant "[s]top calling!"

21. Sadly, these phone calls continued.

22. All in all, Plaintiff received no less than 10 unconsented to, unwanted phone calls from numbers leading back to Defendant – including, (309) 834-2536, (309) 834-2542 and (800-313-5169).

23. On some days, Plaintiff received multiple phone calls from Defendant.

24. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from distraction caused by phone calls, wear and tear to Plaintiff's cellular handset, intrusion upon and occupation of Plaintiff's cellular service, temporary loss of use of Plaintiff's cellular service, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular handset as a result of increased usage of Plaintiff's cellular services, and wasting Plaintiff's time.

25. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

26. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### Count I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

31. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

33. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

34. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Invasion of Privacy

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Under Texas law, there does exist a common-law right to privacy. *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973); *Farrington v. Sysco Food Services, Inc.*, 865 S.W.2d 247, 253 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

37. There are three elements to consider: (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Farrington*, 865 S.W.2d at 253; *Gill v. Snow*, 644 S.W.2d 222, 223-24 (Tex. App.--Fort Worth 1982, no writ); RESTATEMENT (SECOND) OF TORTS, § 652B (1977).

38. Courts have also required that the intrusion be unreasonable, unjustified, or unwarranted. *Billings*, 489 S.W.2d at 860; *Farrington*, 865 S.W.2d at 253.

39. Plaintiff asked Defendant to stop calling him on multiple occasions.

40. The calls, however, did not stop.

41. That Defendant continued to make phone calls after Plaintiff requested that they stop is an intentional intrusion of Plaintiff's privacy.

42. Furthermore, the nature and frequency of the calls establishes the second two elements of the cause of action.

43. Receipt of multiple calls in any one day after requests to stop is sufficient to constitute an intrusion upon Plaintiff's seclusion, solitude, or private affairs which would be highly offensive to a reasonable person.

44. No doubt exists that harassing phone calls are overt, unlawful acts.

45. They are overt, unlawful acts for at least two reasons.

46. First they are unwarranted invasions of the right of privacy which constitutes a legal injury for which a remedy exists. *See Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973).

47. They constitute an intrusion upon a person's seclusion or solitude and, therefore, invade privacy. *See National Bonding Agency v. Demeson*, 648 S.W.2d 748, 749 (Tex.App.—Dallas 1983, no writ). *See generally* W. Page Keeton, Prosser and Keeton on the Law of Torts § 117 (5th ed.1984) (persistent and unwanted telephone calls have been held to be invasions of privacy).

48. Second, they cause the telephone of another to ring repeatedly or are repeated anonymous telephone communications made in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass or offend another in violation of TEX. PENAL CODE ANN. § 42.07(a)(4) (Vernon Supp.1985).

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon his seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 27, 2020                                   Respectfully submitted,

**ISAAC H. NIX,**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com